JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nemastil, Inc. appeals from the trial court's denial of its motion to enforce the arbitration clause of the contract it entered into with plaintiffs-appellees Susan O'Donoghue[1]
and her husband, Tim Beatty. This action was filed by the appellees seeking redress against multiple defendants involved with the purchase of a residence in Cleveland Heights, Ohio.
{¶ 2} Subsequent to the purchase of their home, the appellees allege that latent defects surfaced in the residence. The appellees assert that the appellant herein failed to discover these latent defects during the home inspection he contracted to perform. Specifically, the amended complaint sets forth three counts against the appellant. Count four asserts negligence and count five breach of contract. In count six, the appellees have requested a declaratory action to determine the construction of the contract and resolve the issue of arbitration.
{¶ 3} The appellant filed a motion to dismiss or stay the proceedings and to compel arbitration in accordance with the terms of the contract. The appellees responded, asserting that the contract violated principles of law and equity and was a contract of adhesion. The trial court essentially resolved count six of the amended complaint, the request for a declaratory judgment, when it issued its opinion denying the request for arbitration.
{¶ 4} The one page contract between the parties has several provisions which require review to resolve the present issue. The clause labeled "Company's Liability" in the contract states:
 {¶ 5} Due to the complexity and nature of the inspection, the company hereby expressly exculpates itself and its agents from liability from any negligence, if any, in performing this inspection, both as to existing or future defects. Liability of the Company, if any, shall be limited to Client's cost for the report and only where Company has failed to follow the ASHI[2] standards above mentioned. (Footnote added).
{¶ 6} The next clause requiring consideration is the arbitration provision which reads as follows:
 {¶ 7} Any dispute between the parties shall be settled by arbitration before the American Arbitration Association. The Standards of Practice of the American Society of Home Inspectors shall be the standards used to arbitrate any dispute. The CLIENT also guarantees Nemastil, Inc. Home Inspections or its agents the right to examine or reinspect any dispute prior to any repairs or replacements being made. Any claims must be presented to Nemastil, Inc. Home Inspections within one (1) year of the date of inspection. Nemastil, Inc. Home Inspections will assume no liability for any claims presented one (1) year or more after date of inspection.
{¶ 8} Finally, the contract provides that the minimum cost of the inspection shall be $265.
{¶ 9} The trial court held a short hearing at which Mr. James Nemastil testified that he is the owner of Nemastil, Inc., an Ohio corporation that was formed in 1981. The only other person employed by the company is the secretary. Mr. Nemastil is a member of ASHI and performs approximately four hundred residential inspections a year. Mr. Nemastil inspected the home of the appellees in Cleveland Heights. He identified the contract. He testified that he gave Ms. O'Donoghue the contract, asked her to read it, and asked for questions. No questions were forthcoming. Mr. Nemastil could remember no discussion regarding the arbitration provision. Mr. Beatty, who was present at the time of the home inspection, likewise asked no questions regarding the arbitration clause of the contract. Upon cross-examination, Mr. Nemastil testified that the AAA arbitration fee for a claim of $0 to $10,000 is $500. As to the process, Mr. Nemastil was aware that an arbitrator has to be hired and paid for by the parties to the arbitration. He testified that he thought the fee was $400 a day.
{¶ 10} Ms. O'Donoghue testified that she is the assistant principal of Mayfield High School. Ms. O'Donoghue had purchased four prior homes and had utilized the services of an inspector on at least two prior occasions. Ms. O'Donoghue stated that she obtained the appellant's name through a personal reference, that she obtained "a couple of names" and, that she had options as to which inspector she could use. She did not recall any of the conversation between herself and Mr. Nemastil at the time the contract was signed. She agreed that she had no questions about the contract. She testified that she assumes that she read the contract at the time.
{¶ 11} After a hearing, the court issued an opinion denying the appellant's motion. After setting forth the applicable statutes and law, the court stated:
 {¶ 12} Here, as in Williams [v. Aetna Finance Co., 1998-Ohio-294, 83 Ohio St.3d 464, 700 N.E.2d 859] and Patterson [v. ITT consumer Fin. Corp. (1993), 14 Cal.App.4th 1659], Plaintiffs are lay consumers and Defendant is a commercial dealer, possessing a greater degree of business savvy. Moreover, Defendant drafted the contract containing the arbitration and limitation of liability provisions. Defendant presented the contract to Plaintiffs without discussion of the terms contained within the contract. Plaintiffs were given the choice to either accept Defendant's contract or to forego their home inspection. The home inspection contract does not disclose the terms governing the arbitration process. The nature of the arbitration hearing (whether on written submission or upon oral hearing); the geographical location of the hearing; the choice of law; the arbitrator's fees; and the hearing room rental fee, inter alia, were not fixed items or costs at the time Plaintiffs signed the contract. As a result, the Plaintiff could not knowingly have agreed to be bound.
 {¶ 13} Moreover, the arbitration clause and the limitations of liability provisions together provide Plaintiff with no meaningful remedy for Defendant's negligence. At the hearing Plaintiff presented evidence that the initial filing fee, required by The Construction Dispute Resolution Committee, for a claim valued at $0 to $10,000 dollars is five hundred dollars. Accordingly, Plaintiff's filing fee to initiate an arbitration proceeding exceeds the maximum recovery available to Plaintiff according to the terms of Defendant's home inspection contract. Thus, Defendant's contract is unconscionable because the entire contract is so "one-sided as to oppress or unfairly surprise" Plaintiff and ultimately precludes Plaintiffs from pursuing their claim.
 {¶ 14} There is, therefore, insufficient evidence that Plaintiff knew or voluntarily assented to binding arbitration, that plaintiffs made a knowledgeable, meaningful choice, or that any true agreement ever existed between Plaintiffs and Defendant to submit any disputes to arbitration. Further, the limitation of liability provision in conjunction with the arbitration provision clearly renders the entire contract an unconscionable adhesion contract. Accordingly, the contract in its entirety is found to be unconscionable and unenforceable as a matter of law.
{¶ 15} The court concluded by denying the appellant's motion to dismiss or stay proceedings and compel arbitration. The court also found that the home inspection contract in its entirety was unenforceable.
{¶ 16} The appellant sets forth one assignment of error:
 {¶ 17} THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE ARBITRATION CLAUSE IN THE WRITTEN CONTRACT BETWEEN THE PARTIES, AND HOLDING THAT THE CONTRACT BETWEEN THE PARTIES WAS UNCONSCIONABLE.
{¶ 18} The appellant argues that the trial court erred in finding the contract unconscionable. The appellant asserts that the court erred in finding that the interaction between the limitation of liability clause and the arbitration clause left the appellees with no meaningful remedy and that procedural unconscionability does not exist in this instance.
{¶ 19} The legislature has determined that arbitration clauses in written contracts should be enforced. R.C. 2711.01 states in part:
 {¶ 20} (A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.
{¶ 21} R.C. 2711.02 provides that the trial court may stay trial pending the resolution of arbitrable issues:
 {¶ 22} If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
{¶ 23} This court begins its analysis by noting that Restatement of the Law 2d. (1981), Contracts, § 208, states that if a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result. Under illustration 7, in comment a, the Restatement, supra, notes that:
 {¶ 24} It is to be emphasized that a contract of adhesion is not unconscionable per se, and that all unconscionable contracts are not contracts of adhesion. Nonetheless, the more standardized the agreement and the less a party may bargain meaningfully, the more susceptible the contract or a term will be to a claim of unconscionability.
{¶ 25} Thus, this court is called upon to determine whether the contract entered into between the parties was one of adhesion and, separately, whether the contract was unconscionable. Black's Law Dictionary (5 Ed. Rev. 1979) 38, defines an adhesion contract as:
 {¶ 26} Standardized contract form offered to consumers of goods and services on essentially "take it or leave it" basis without affording consumer realistic opportunity to bargain and under such conditions that consumer cannot obtain desired product or services except by acquiescing in form contract. Distinctive feature of adhesion contract is that weaker party has no realistic choice as to its terms.
{¶ 27} In the case sub judice, there was no evidence presented at the hearing, by either party, that Nemastil presented this contract on a "take it or leave it" basis. Ms. O'Donoghue testified that she had the names of other home inspectors and that she had options. Mr. Nemastil testified that he asked Ms. O'Donoghue to read the contract and asked for questions. Ms. O'Donoghue testified that she assumes she read the contract. In addition, the trial court failed to take into consideration the fact that Ms. O'Donoghue is an educated professional and that she had previously purchased homes. Mr. Nemastil has incorporated his business, but it is a small operation, not a corporate conglomerate. Thus, it is not possible to state that there is inherently unequal bargaining power between these two parties. No evidence was presented that the appellees could not have obtained another inspector in a timely fashion to perform the home inspection. Given the testimony at the hearing, the trial court erred in finding this to be a contract of adhesion.
{¶ 28} Next, this court must consider whether the use of the limitations of liability clause in conjunction with the arbitration clause in this particular contract rendered it unconscionable. InWilliams v. Aetna Finance Co., 83 Ohio St.3d 464, 1998-Ohio-294,700 N.E.2d 859, the Ohio Supreme Court reiterated that arbitration is encouraged as a method to settle disputes. The court noted its presumption favoring arbitration when a claim falls within the scope of an arbitration provision. Id. To defeat a motion for stay brought pursuant to R.C. 2711.02 a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced. ABM Farms, Inc. V. Woods, 81 Ohio St.3d 498,1998-Ohio-612, 692 N.E.2d 574, at the syllabus.
{¶ 29} Where the contract contains no fine print, issues are neither hidden nor out of the ordinary, and there is no misrepresentation, the law does not require that each aspect of a contract be explained orally to a party prior to signing. ABM Farms. The court reaffirmed the "legal and common sensical-axiom that one must read what one signs." Id. at 503. The fact that a party did not read the contract prior to signing it and was not informed of the arbitration provision would not, absent other claims or indicia of adhesion or unconscionablity, release a party from its obligation. Garcia v. WayneHomes, Wayne App. No. 2001 CA 53, 2002-Ohio-1884.
{¶ 30} The United States Supreme Court has determined that an arbitration provision in a contract is not rendered unenforceable simply because the provision is silent as to costs and fails to provide protection from potentially substantial costs. Green Tree Fin.Corporation-Alabama v. Randolph (2000), 531 U.S. 79, 148 L.Ed.2d 373,121 S.Ct. 513. The Supreme Court clearly held that the party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs. Id. The "risk" that a party will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement. Id. To invalidate the agreement on that basis would undermine the liberal federal policy favoring arbitration agreements. The court left open the question regarding the amount of evidentiary detail required to show that the expenses would be prohibitive.
{¶ 31} Here, given the public policy in favor of arbitration as stated in both federal and state law, this court is unable to say that the arbitration clause in and of itself is unconscionable. The appellees were not prohibited from reading the contract and the clause was not hidden in any manner, i.e.; in fine print or on the reverse side of the page. The parties do not argue the validity of the limitations of liability clause, thus this court will not consider this issue. This leaves the question of whether the interaction between the clauses renders the contract unenforceable because the appellees would effectively be denied any redress. We find that it does. While the contract's silence on the issue of costs is not sufficient to find that the appellees would be denied their remedy, the testimony given in the matter at hand was uncontested that the fee for arbitration would be at least $500. The limitation of liability clause limits the any recovery to $265. Thus, in this instance, when reading the contract as a whole, the arbitration clause deprives the appellees an adequate remedy.
{¶ 32} The appellants assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The contract with Nemastil, Inc. was signed by Ms. O'Donoghue, but not by her husband.
[2] American Society of Home Inspectors.